RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 6/09
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ETC TIGER PIPELINE LLC | CIVIL ACTION NO. 09-1039 |
| VERSUS | JUDGE ROBERT G. JAMES |
| EUGENE BENSON, ET AL. | MAG. JUDGE KAREN L. HAYES |

**TEMPORARY RESTRAINING ORDER**

This matter is before the Court on the Motion of Plaintiff ETC Tiger Pipeline LLC ("Tiger") for a temporary restraining order ("TRO") and preliminary injunction. [Doc. No. 2]. For the following reasons, Tiger's motion for a TRO is GRANTED.

A party seeking injunctive relief must establish the following elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (3) that greater injury will result from denying the TRO than from its being granted; and (4) that a TRO will not disserve the public interest.

Under the Natural Gas Act, Tiger may obtain the authority to condemn the properties of Defendants to construct the Pipeline. *See* 15 U.S.C. § 717f(h). A body having the power of eminent domain has a right to enter onto land of another for purposes of conducting preliminary surveys or similar investigations. Therefore, the Court finds that Tiger is substantially likely to prevail on the merits of its claim to enter the properties of Defendants.

The Court also finds that there exists a substantial threat that immediate and irreparable injury will result to Tiger if a TRO is not issued. In particular, the Court is satisfied that the failure to obtain access to Defendants' properties to conduct surveys is likely to delay, if not outright prevent, the Pipeline from moving forward; impede Tiger's ability to provide the Federal Energy

Regulatory Commission ("FERC") with information relevant to its administration of the public interest; and impede FERC's ability to fully consider the public convenience and necessity of the Pipeline while balancing environmental and other critical issues in connection therewith. In addition, the Court finds that the threatened injury to Tiger that will result if a TRO is not granted is likely to be an irreparable, permanent injury not subject to effective remedy by further order of this Court.

Further, the threatened injury to Tiger outweighs the threatened harm to Defendants. Tiger's access to Defendants' properties to conduct surveys, and the conduct of the surveys themselves, will cause minimal, if any, harm to Defendants' properties.

Finally, the Court finds that granting injunctive relief will serve the public interest by preventing delays to the pipeline project; allowing FERC and Tiger to comply with applicable laws and regulations; providing FERC with the information it needs to adequately balance the environmental and landowner issues which accompany its decisions regarding the public convenience and necessity of the project; and allowing the Tiger Pipeline to provide energy supplies to appropriately meet public demand for natural gas. Accordingly,

IT IS HEREBY ORDERED that Tiger's motion for a TRO is GRANTED.

IT IS FURTHER ORDERED that:

A. Tiger, its agents, contractors, subcontractors, and their respective employees are granted immediate access to Defendants' properties for the purpose of conducting surveys, together with reasonable rights of ingress and egress, subject to the following conditions:

    1. Tiger shall endeavor to provide written or oral notice to each Defendant of its intention to have representatives enter upon the Defendant's property at least

forty-eight (48) hours before such entry; provided, however, the failure of any Defendant to receive such notice shall not limit Tiger's access to such Defendant's property under this Order or the ability of Tiger's representatives to enter upon it, but shall only be a consideration in determining the restitution or reimbursement, if any, that the Defendant may be entitled to under subparagraph 2 below; and

2. Tiger shall make restitution or reimbursements to a Defendant for any actual damages directly resulting from having its representatives enter onto the Defendant's property.

3. Tiger shall give security in the amount of $3,000.00 per tract of land, for a total of $18,000, for the payment of any such actual damages proven.

B. Defendants, their officers, agents, servants, employees, attorneys, and those in active concert or participation with them are preliminarily temporarily restrained, enjoined and prohibited from taking any action whatsoever to delay, obstruct, impede, or interfere with Tiger's access to any of Defendants' properties and entry of Tiger's representatives upon them, for purposes of conducting surveys. Tiger shall provide notice to Defendants of this Order, by personal service or postage affixed and properly addressed U.S. Mail.

C. The United States Marshals Service shall, as necessary and upon request, assist in the enforcement of this Order and, together with its Marshals, shall be held harmless from all liability, losses, costs and damages incurred by any person as a result of any actions or omissions that are reasonable and necessary in the enforcement of this Order. All costs and expenses incurred by the Marshals Service in connection with enforcing this Order shall be paid by Tiger.

D. This Order has been issued after notice by counsel for Tiger to Defendants or their counsel. It shall be effective upon Tiger furnishing security in the amount ordered above and shall remain in effect until the hearing on the application for preliminary injunction or a period of ten (10) days, whichever is shorter, unless extended by agreement of the parties or further order of the Court.

MONROE, LOUISIANA, this 6 day of July, 2009.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE